# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

LN MANAGEMENT LLC SERIES 3921 )
BLUE GULL, )
                     )
           Plaintiff, )
                     )        Case No.: 2:13-cv-01946-GMN-GWF
    vs. )
                     )             **ORDER**
FIRST MORTGAGE CORPORATION; )
QUALITY LOAN SERVICE )
CORPORATION; and BYANN BLAKENEY, )
                     )
          Defendants. )
_____ )

      Pending before the Court is the Motion to Remand to State Court (ECF No. 9) filed by Plaintiff LN Management Series 3921 Blue Gull ("Plaintiff"). Defendants First Mortgage Corporation and Quality Loan Service Corporation ("Defendants") filed a Response. (ECF No. 10.)

## I.    BACKGROUND

      This case arises from a dispute over the ownership of real property located at 3921 Blue Gull Street, North Las Vegas, Nevada ("Subject Property"). (Compl. ¶ 1, ECF No. 1-1.) Plaintiff claims that its "title stems from a foreclosure deed arising from a delinquency in assessments due from the former owner to the Glen Eagles HOA, pursuant to NRS Chapter 116." (*Id.* ¶ 3.) Plaintiff's Complaint recognizes that Defendant First Mortgage Corporation, Defendant Quality Loan Service Corporation, and Defendant Byann Blakeney, the former owner, may all claim interests in the Subject Property. (*Id.* ¶¶ 4–6, 12.) However, Plaintiff's Complaint further alleges that "[t]he interest of each of the defendants has been extinguished by reason of the foreclosure sale resulting from a delinquency in assessments due from the former owner . . .." (*Id.* ¶ 7.) For this reason, Plaintiff filed the instant action in Nevada state court

1   seeking (1) Quiet Title; and (2) Declaratory Relief. (*Id.* ¶¶ 11–16.)

2       Subsequently, Defendant First Mortgage Corporation removed the action to this Court

3   claiming that this Court has subject matter jurisdiction under 28 U.S.C. § 1332(a). (*See* Notice

4   of Removal ¶ 3, ECF No. 1.)  First Mortgage Corporation further claims that complete diversity

5   exists among the parties because Plaintiff is a citizen of Nevada (*id.* ¶ 4) and because the only

6   defendant alleged to be from Nevada, Blakeney, is fraudulently joined and should not be

7   considered when determining whether complete diversity exists (*id.* ¶ 6).

8   **II.   LEGAL STANDARD**

9       If a plaintiff files a civil action in state court, the defendant may remove that action to a

10  federal district court if the district court has original jurisdiction over the matter. 28 U.S.C.

11  § 1441(a).  Removal statutes are strictly construed against removal jurisdiction. *Ritchey v.*

12  *Upjohn Drug Co.*, 139 F.3d 1313, 1317 (9th Cir. 1998).  "Federal jurisdiction must be rejected if

13  there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d

14  564, 566 (9th Cir. 1992) (quoting *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th

15  Cir. 1979)).  The defendant always has the burden of establishing that removal is proper. *Gaus*,

16  980 F.2d at 566.

17      "If at any time before final judgment it appears that the district court lacks subject matter

18  jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).  District courts have jurisdiction

19  in two instances.  First, district courts have subject matter jurisdiction over civil actions that

20  arise under federal law. 28 U.S.C. § 1331.  Second, district courts have subject matter

21  jurisdiction over civil actions where no plaintiff is a citizen of the same state as a defendant and

22  the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).  In this case, Defendants assert

23  only that this Court has subject matter jurisdiction over this case pursuant to 28 U.S.C.

24  § 1332(a).  District courts have subject matter jurisdiction over civil actions where no plaintiff is

25  a citizen of the same state as any defendant and the amount in controversy exceeds $75,000.

28 U.S.C. § 1332(a).

## III.   DISCUSSION

For the reasons discussed below, the Court concludes that Defendants have failed to establish diversity of citizenship between the Plaintiff and all of the Defendants.

Defendants provide extensive argument as to the reasons that a potential claim to the Subject Property by Blakeney would likely fail.  At bottom, Defendants contend that, because, in their opinion, such a claim would fail, this claimant need not be included in the instant quiet title action.  Thus, Defendants assert, Blakeney is a fraudulently joined party.

Defendants' argument demonstrates their misunderstanding of the applicable legal standard.  It is well established that "fraudulently joined defendants will not defeat removal on diversity grounds." *Ritchey v. Upjohn Drug Co.*, 139 F.3d at 1318.  There are two ways to establish fraudulent joinder: (1) the defendant may facially attack plaintiff's complaint by showing the inability of the plaintiff to establish a cause of action against the non-diverse defendant based on the plaintiff's allegations or (2) the defendant may attempt to disprove jurisdictional facts alleged in the plaintiff's pleadings. *See Hunter v. Philip Morris USA,* 582 F.3d 1039, 1044 (9th Cir.2009) (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc)).  The fact that Plaintiff will likely prevail over Blakeney does not amount to a failure to establish a cause of action against this defendant.  Therefore, Blakeney is a properly named party and, as such, destroys complete diversity and deprives this Court of subject matter jurisdiction.  Defendants have failed to carry their burden of establishing that this Court has subject matter jurisdiction over this case.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that this case is remanded to the Eighth Judicial District Court.

**DATED** this 30th day of December, 2013.

_____
Gloria M. Navarro
United States District Judge